HABEAS CORPUS ☞13—RELATOR HELD UNDER PENDING INDICTMENT NOT ENTITLED TO DISCHARGE.

Where, shortly after the court's refusal to discharge from custody relator, convicted of swindling, whose conviction was reversed on appeal and the prosecution ordered dismissed, the grand jury returned another indictment against relator, he is not held under the court's order that he be held to await the action of the grand jury to file a new indictment, but under an indictment pending against him, and he cannot obtain his discharge by habeas corpus.

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

Application for writ of habeas corpus on behalf of O. R. Albertson.　From judgment remanding him to custody, relator appeals.　Appeal dismissed.

E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.　Relator applied for a writ of habeas corpus to obtain his discharge.　Upon the trial he was remanded to await the action of the grand jury.

Briefly the case is: Relator was convicted of swindling, and prosecuted his appeal.　This court, during its last term, reversed the judgment, and ordered the prosecution dismissed.　When the mandate reached the trial court he sought his discharge under a writ of habeas corpus. . Upon the showing it seems the trial court ordered him held to await the action of the grand jury to file a new indictment.　This action of the court was authorized by statute.　From a refusal of the court to discharge, relator prosecuted this appeal.　Shortly after the refusal to discharge' the relator the grand jury returned another indictment, and he is now being held under that indictment as shown by the certificate of the clerk.　The writ of habeas corpus was applied for, it seems, on the 13th of March last, and on the hearing the court refused to discharge, and held him in the sum of a $750 bond.　On the 5th of the following April he was reindicted in the same case of swindling, and that case is now pending for trial in the proper court, and under that relator has given bond in the sum of $750, and is now out on bail.　The case, under the certificate of the clerk, is shown to be set down for trial on the 29th of October of the present month.　Under this showing this appeal will be dismissed.　He is not held under this process, but under an indictment now pending against him.

The appeal is dismissed.

---

## KROSCHEWSKI v. STATE.　(No. 5206.)

(Court of Criminal Appeals of Texas.　Oct. 29, 1919.)

CRIMINAL LAW ☞1131(1) — DISMISSAL OF APPEAL.

Where appellant files a sworn application to dismiss appeal, made in accordance with law, and showing appellant's desire for dismissal, appeal will be dismissed.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Conrad Kroschewski was convicted of using seditious language with reference to the United States in its recent war with Germany, and he appeals.　Appeal dismissed.

W. C. Linden and Joe H. H. Graham, both of San Antonio, for appellant.

B. F. Looney, Atty. Gen., C. M. Cureton, Asst. Atty. Gen., D. A. McAskill, Dist. Atty., of San Antonio, and E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.　Appellant was convicted under an indictment charging him with using seditious language with reference to the United States in its recent war with

Germany. He prosecuted his appeal to this court, where the case is now pending.

He now files before the court a sworn application to dismiss said appeal. Upon an inspection of this sworn motion it is found to be in accordance with the law, and shows appellant's desire in the matter, and will be granted.

The appeal, therefore, will be dismissed.